IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ARMANDO CUBRIEL,
                          Petitioner,

-vs-                                                      Case No.  A-26-CV-01086-DAE

DIRECTOR, T.D.C.J.-C.I.D.,
                          Respondent.

_____

**O R D E R**

Before the Court is Petitioner Armando Cubriel's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner paid the $5.00 filing fee.  On April 29, 2026, the Court ordered Petitioner to show cause why his petition should not be dismissed as time-barred and for failure to exhaust his state court remedies.  Petitioner responded on May 27, 2026.  After consideration of the petition and response to the Court's order to show cause, Petitioner's petition is dismissed as time-barred and for failure to exhaust his state court remedies.

Petitioner was charged with murder (Count I), intoxication manslaughter with a vehicle (Count II), failure to render aid in a collision involving death (Count III), tampering with evidence (Count IV), and retaliation (Count V). *See* Tex. Penal Code §§ 19.02, 36.06, 37.09, 49.08; Tex. Transp. Code § 550.021.  The indictment also contained two alternative enhancement allegations asserting that Petitioner had been convicted of a felony offense before committing the offenses at issue in this case.  *See* Tex. Penal Code § 12.42.  Following a trial, the jury found the enhancement allegation to be true and found him guilty of all five charged offenses.  The State then moved to dismiss the intoxication-manslaughter charge on double-jeopardy grounds. Following a punishment hearing, the jury assessed punishments at 75 years' imprisonment for the murder and

failure-to-render-aid convictions, 15 years' imprisonment for the tampering conviction, and 2 years' imprisonment for the retaliation conviction. The trial court rendered its judgments of conviction consistent with the jury's verdicts. *Cubriel v. State*, No. 03-24-00293-CR, 2025 WL 806720, at *1 (Tex. App. – Austin, Mar. 14, 2025, no pet.).

Petitioner appealed. The Third Court of Appeals affirmed the trial court's judgments of conviction for murder, failure to render aid, and tampering with evidence. *Id.* at *2. The appellate court found an error in the trial court's judgment of conviction for retaliation and modified the judgment to reflect Petitioner was convicted of a third-degree felony instead of a second-degree felony. *Id.* Petitioner did not file a petition for discretionary review or a state application for habeas corpus relief.

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's convictions became final on April 14, 2025, when the time to file a petition for discretionary review expired, which according to Tex. R. App. R. 68.2, is 30 days following the court of appeals' judgment affirming his conviction. *Gonzalez v. Thaler*, 623 F.3d 222 (5th Cir. 2010) (holding conviction becomes final when time for seeking further direct review in state court expires). Therefore, Petitioner had until April 14, 2026, to timely file his federal petition. Petitioner did not execute his federal petition until April 20, 2026, after the limitations period had expired. Absent tolling, his petition is time-barred.

Petitioner alleges no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). Petitioner bears the burden of establishing equitable tolling is appropriate. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (2000) (*per curiam*). Ineffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during a post-conviction collateral attack upon a criminal conviction. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008). Mere attorney error or neglect will not establish extraordinary circumstances warranting equitable tolling. *Id.* Nor will a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process. *Id.* at 365-66; *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Petitioner may be arguing he is innocent. In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held a prisoner filing a first-time federal habeas petition could overcome the one-year

statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *See Schlup*, 513 U.S. at 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by petitioner in support of actual-innocence exception to doctrine of procedural default under *Schlup*). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousley v. United States*, 523 U.S. 614, 623–624 (1998). In this case, Petitioner has not met his burden. In addition, Petitioner fails to demonstrate that he has been pursuing his rights diligently.

In addition to being time-barred, Petitioner's federal petition is also subject to dismissal for his failure to exhaust his state court remedies. A fundamental prerequisite to federal habeas corpus relief under Title 28 U.S.C. §2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995), *cert. denied*, 516 U.S. 1050 (1996). Section 2254(b) provides:

> (1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:
>
>   (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
>   (B)   (I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254.  This requirement is designed in the interests of comity and federalism to give state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's conviction.  *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).  The purpose and policy underlying the exhaustion doctrine is to preserve the role of the state courts in the application and enforcement of federal law and prevent disruption of state criminal proceedings.  *Rose v. Lundy*, 455 U.S. 509, 518 (1982)(citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 ( 1973)).

A petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims."  *Castille v. Peoples*, 489 U.S. 346, 349 (1989).  The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts."  *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).  Once a federal claim has been fairly presented to the Texas Court of Criminal Appeals, either through direct appeal or collateral attack, the exhaustion requirement is satisfied.  *See generally, Castille*, 489 U.S. at 351.  In order to avoid piecemeal litigation, all grounds raised in a federal application for writ of habeas corpus must first be presented to the state's highest criminal court prior to being presented in federal court.  *Rose*, 455 U.S. at 522.  If even one claim is unexhausted, the entire petition must be dismissed for failure to exhaust state remedies.  *Id.*

In the present case, Petitioner has not presented his claims to the Texas Court of Criminal Appeals either through a petition for discretionary review or a state application for habeas corpus relief.  Accordingly, there has been no fair presentation of his claims to the state court, and thus, the state court has not had the initial opportunity to pass upon and correct any alleged errors of federal law.  Nevertheless, the exhaustion requirement can be excused when exceptional circumstances

exist.  *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993).  However, Petitioner makes no allegations that any exceptional circumstances are present in this case.

It is therefore **ORDERED** that Petitioner's petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE** as time-barred.  Alternatively, Petitioner's petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his state court remedies.  The Court **DENIES** Petitioner a certificate of appealability.  This case is **CLOSED**.

**SIGNED** this the 30th day of May 2026**.**

_____
DAVID A. EZRA
SENIOR UNITED STATES DISTRICT JUDGE